# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *
CHESTER GODEK,                    *
                                  *   No. 19-106V
    Petitioner,                   *   Special Master Christian J. Moran
                                  *
                                  *   Filed: April 15, 2021
v.                                *
                                  *   Entitlement; dismissal.
SECRETARY OF HEALTH               *
AND HUMAN SERVICES,               *
                                  *
    Respondent.                   *
* * * * * * * * * * * * * * * * * * * *

Isaiah Richard Kalinowski, Maglio Christopher and Toale, PA, Washington, DC, for petitioner;

James Vincent Lopez, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION DENYING COMPENSATION[1]

Chester Godek alleged that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine he received on March 25, 2016, caused him to suffer polymyalgia rheumatica ("PMR"). Petition, filed Jan. 22, 2019, ¶ 3, 17. On March 9, 2021, Mr. Godek moved for a ruling on the issue of causation and entitlement to compensation.

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website (https://www.uscfc.uscourts.gov/aggregator/sources/7). Once posted, anyone can access this decision via the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will be reflected in the document posted on the website.

I. **Procedural History**

Mr. Godek filed a petition on January 22, 2019, and submitted supporting medical records over the next few months. After Mr. Godek filed a statement of completion on July 8, 2019, the Secretary proposed a due date for his Rule 4 report. Resp't's Status Rep., filed Jan. 7, 2020.

In his Rule 4 report, the Secretary opposed compensation arguing that petitioner's medical records did not establish a *prima facie* case. Resp't's Rep., filed Mar. 9, 2020, at 14-16. At a status conference to discuss the Rule 4 report, Mr. Godek was ordered to file medical records requested by respondent and a status report about whether an expert report would be filed. Order, issued Mar. 16, 2020. Mr. Godek stated his intent to file an expert report authored by Dr. Zizic by June 26, 2020. Pet's Status Rep., filed April 27, 2020. He filed the requested medical records on May 27, 2020 and June 5, 2020.

On June 18, 2020, Mr. Godek filed medical literature in support of his claim. Exhibits 21-61. The same day, Mr. Godek made his first motion for an enlargement of time, requesting an additional 45 days to file his expert report. Pet's Motion, filed June 18, 2020. The undersigned granted the request and advised that if Dr. Zizic does not cite an article, Mr. Godek should be prepared to explain why the corresponding exhibit should not be stricken from the record. Order, issued June 18, 2020.

Mr. Godek moved for a second 45-day enlargement of time on August 10, 2020. In the order granting Mr. Godek's motion, the undersigned acknowledged the pandemic could cause delays, but encouraged Mr. Godek to meet this deadline and more fully explain reasons for delays moving forward. Order, issued August 11, 2020.

Mr. Godek moved for a third extension of time, stating Dr. Zizic's professional demands, including retiring from his clinic practice, occasioned the delays. Pet's Motion, filed Sept. 9, 2020. The motion was granted, and Mr. Godek was again advised that the medical literature will be stricken if Dr. Zizic does not cite the articles in his report. Order, issued Sept. 11, 2020.

In his fourth motion for extension of time, Mr. Godek stated that Dr. Zizic "has begun the task of preparing his report, but requires additional time to

complete it." Pet's Motion, filed Oct. 26, 2020. The undersigned again granted Mr. Godek's motion and encouraged him to meet the next deadline. Order, issued Oct. 27, 2020.

Mr. Godek did not file a report from Dr. Zizic. Due to insufficient evidence available to explain a reliable biological mechanism for causation, Dr. Zizic declined to provide an expert report in support of Mr. Godek's petition. See Pet's Motion, filed Dec. 10, 2020. In turn, Mr. Godek moved for an extended stay of proceedings to allow the medical science in the relevant field to further develop and requested a status conference to discuss his case. Id.

In a status conference on December 21, 2020, petitioner represented that he was not aware of any research currently being conducted on the general causation issue. Acknowledging that Dr. Zizic's unwillingness to provide an expert report suggests the facts of petitioner's case are an impediment to a successful claim, the undersigned nevertheless stayed proceedings until January 20, 2021.

On February 3, 2021, Mr. Godek filed an additional piece of medical literature as exhibit 62. In a contemporaneous status report, Mr. Godek stated the relatively new article may be applicable to this case, and he is waiting to hear from Dr. Zizic about whether the article changes his opinion on this case. Mr. Godek further stated that he is aware that if Dr. Zizic did not provide a supportive opinion, he will face disposition. The following day, the undersigned ordered Mr. Godek to file a status report or substantive pleadings by March 5, 2021.

On March 9, 2021, Mr. Godek moved for a ruling on causation and entitlement, having only filed medical literature but no expert report in support of his position. He advised that if entitlement is denied, he will elect to reject judgment and preserve his right to file a civil action.

The Secretary filed a response. Referencing his Rule 4(c) report, he argues that Mr. Godek has failed to demonstrate a Table injury and has not provided a sufficient medical opinion or theory establishing a causal connection between the Tdap vaccination and his alleged injuries. Resp't's Resp., file Mar. 15, 2021. The Secretary further notes that Mr. Godek's medical literature alone does not satisfy the evidentiary burden under the Vaccine Act, in part because no expert testimony has been offered to establish the "relevance, reliability, and persuasiveness of these articles." Id. at 4. This matter is now ready for adjudication

3

## II. <u>Analysis</u>

To receive compensation under the National Vaccine Injury Compensation Program (hereinafter "the Program"), a petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. <u>See</u> §§ 300aa-13(a)(1)(A) and 300aa-11(c)(1). Under the Act, a petitioner may not be given a Program award based solely on the petitioner's claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa-13(a)(1).

In this case, Mr. Godek filed medical records in support of his claim without an expert report, but nonetheless, wishes to have his case decided. To conclude the proceedings on the petition and have judgment enter, a decision must be issued. Vaccine Rules 10(c), 11(a).

To conform to section 12(d)(3), a decision must "include findings of fact and conclusions of law." Here, the evidence does not allow a finding that Mr. Godek's PMR was caused by the flu vaccine. Even if literature alone could carry Mr. Godek's burden to show a flu vaccine can cause PMR – a debatable proposition – Mr. Godek has not presented persuasive evidence that a flu vaccine caused his PMR. <u>See</u> <u>Hibbard v. Sec'y of Health & Human Servs.</u>, 698 F.3d 1355, 1364 (Fed. Cir. 2012).

**Thus, the Motion for Decision is GRANTED and this case is DISMISSED WITH PREJUDICE for insufficient proof. The Clerk shall enter judgment accordingly.** <u>See</u> Vaccine Rule 21(b).

**IT IS SO ORDERED.**

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master