# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *    *
CHESTER GODEK,                           *
                                         *    No. 19-106V
                   Petitioner,           *    Special Master Christian J. Moran
                                         *
v.                                       *    Filed: June 30, 2022
                                         *
SECRETARY OF HEALTH                      *    Attorneys' fees and costs; literature.
AND HUMAN SERVICES,                      *
                                         *
                   Respondent.           *
* * * * * * * * * * * * * * * * * * *    *
```

LeeAnne Pedrick, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner;
James V. Lopez, United States Dep't of Justice, Washington, DC, for Respondent.

## UNPUBLISHED DECISION AWARDING
## ATTORNEYS' FEES AND COSTS[1]

A decision denying compensation for Chester Godek's claim brought in the National Childhood Vaccine Compensation Program issued on April 15, 2021. He is now seeking an award for attorneys' fees and costs. He is awarded **$68,328.44**.

\*   \*   \*

In November 2016, Mr. Godek communicated with the law firm of Maglio, Christopher & Toale, which began representing him. The first task was to collect

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services), requires that the Court post this decision on its website. This posting means that the document will be available to anyone with the internet. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

medical records, which the firm accomplished through paralegals.  In June 2017, an attorney with that firm, Isaiah Kalinowski, began to review the obtained medical records.  Several months passed during which paralegals continued efforts to obtain medical records.  In September and October 2018, Mr. Kalinowski communicated with a rheumatologist who has sometimes offered opinions that a vaccine harmed a person, Thomas Zizic.  Also, in October 2018, Mr. Kalinowski researched medical literature for 3.2 hours.

Represented by Mr. Kalinowski, Mr. Godek alleged that a tetanus-diphtheria-acellular pertussis ("Tdap") vaccine caused him to suffer polymyalgia rheumatica ("PMR").  Pet., filed Jan. 22, 2019.  Petitioner periodically filed his medical records.  Over the course of two days in September 2019, Mr. Kalinowski spent more than 15 hours researching medical literature.

On January 7, 2020, the parties filed status reports regarding next steps.  The Secretary had completed a review of the record and proposed filing his Rule 4 report in 60 days; Mr. Godek proposed filing an expert report 60 days after the due date for the Rule 4 report.  To facilitate the process for expert reports, the undersigned issued a proposed set of instructions to guide experts in drafting their reports.  The instructions were issued in their final form on February 7, 2020.

The Secretary found the evidence insufficient to support Mr. Godek's claim.  Resp't's Rep., filed Mar. 9, 2020.  The Secretary maintained compensation was not appropriate because (1) the medical records alone, without an expert opinion for support, would not establish a *prima facie* case, and (2) Mr. Godek's medical providers implicated a shingles vaccination rather than the Tdap vaccine.  In response, Mr. Godek stated an intention to file an expert report authored by Dr. Zizic.  In April 2020, Mr. Kalinowski communicated with Dr. Zizic and Mr. Kalinowski spent a great deal of time searching for medical literature.  On April 28, 2020, Mr. Kalinowski sent articles to Dr. Zizic.  Dr. Zizic, however, does not have a corresponding entry in his invoices that he read the articles shortly after Mr. Kalinowski sent them to him.

Petitioner filed a set of articles on June 18, 2020.  Exhibits 21-61.  At the same time, petitioner was requesting and receiving additional time to file a report from Dr. Zizic.   In June 2020, Dr. Zizic's invoice shows that he performed less than one hour of work.

The instructions for experts suggested that the experts should not cite more than 20 articles unless the articles were necessary.  Given the amount of literature

2

filed, the undersigned cautioned that if Dr. Zizic did not cite an article in his report, petitioner should be prepared to explain why the corresponding exhibit should not be struck.  See Orders, issued June 18, 2020, and Aug. 11, 2020. After multiple extensions for time through 2020 during the early pandemic period, Mr. Godek ultimately did not file a report from Dr. Zizic.  After some searching, Mr. Godek and/or Dr. Zizic determined there was insufficient evidence available to explain a reliable biological mechanism for causation, so Mr. Godek moved for an extended stay of proceedings to allow the medical science to further develop.  Pet'r's Mot. filed, Dec. 10, 2020.  Supplemental literature was filed in February 2021, but Dr. Zizic did not submit a report.

On March 9, 2021, Mr. Godek moved for a ruling on causation and entitlement, having only furnished medical records and medical literature without expert support.  The case was dismissed for insufficient proof.  Decision Denying Compensation, 2021 WL 1851389 (Fed. Cl. Spec. Mstr. Apr. 15, 2021).

On June 11, 2021, Mr. Godek filed a motion for an award of attorneys' fees and costs.  The motion seeks a total of $75,828.44, comprised of $69,588.90 in attorneys' fees and $6,239.54 in attorneys' costs.[2]  Mr. Godek did not incur any costs.

The Secretary filed a response to Mr. Godek's motion.  The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed June 14, 2021, at 2.  With respect to amount, the Secretary recommended "that the [special master] exercise [his] discretion" when determining a reasonable award for attorneys' fees and costs.  Id. at 3.

Even though compensation was denied, a petitioner who brings his petition in good faith and who has a reasonable basis for the petition may be awarded attorneys' fees and costs.  See 42 U.S.C. § 300aa–15(e)(1).  Here, counsel for petitioner gathered and filed medical records, engaged in settlement discussions, attempted to obtain an expert report, and moved for a decision on the record when further investigation revealed that petitioner was unlikely to prove his case.  Thus, because petitioner's counsel acted in good faith and because there was a reasonable

---

[2] Although petitioner lists $69,588.90 for attorneys' fees and $6,239.54 for costs in his motion, counsel requested $75,798.44, rather than $75,828.44. Presumably this $40 gap was an accounting error.

basis for proceeding, petitioner is eligible for an award of attorneys' fees and costs. Respondent does not contend that petitioner failed to satisfy these criteria. Respondent's failure to interpose an objection with respect to reasonable basis greatly contributes to the finding of reasonable basis.  See Greenlaw v. United States, 554 U.S. 237, 243 (2008) ("[W]e rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present.").

This matter is now ripe for adjudication.

\*       \*       \*

## I.       Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Hum. Servs.  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Hum. Servs., 139 Fed. Cl. 238 (2018).

### A.       Reasonable Hourly Rate

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  See Blum, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  Id. at 895 n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  Avera, 515 F.3d at 1349.  If these two requirements are met, the Davis County exception applies, and

4

petitioner's counsel is paid according to the local rate to avoid a "windfall." Id.; see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, McCulloch provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. McCulloch v. Sec'y of Health & Hum. Servs., No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), mot. for recons. denied, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the McCulloch rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015–2016, 2017, 2018, 2019, 2020, and 2021 can be accessed online.[3]

Mr. Godek requests compensation for attorney Isaiah Kalinowski (and attorney Altom Maglio, to a lesser extent), as well as paralegals who assisted them. Mr. Kalinowski has charged $368 per hour in 2018, $383 per hour in 2019, $405 per hour in 2020, and $430 per hour in 2021. Mr. Maglio charged $362 per hour in 2017 and $400 per hour in 2019, for his brief contributions. The paralegal rates varied over the years, ranging from $135 per hour to $165 per hour. These rates are reasonable. Puckett v. Sec'y of Health & Hum. Servs., No. 17-1316V, 2020 WL 5407838 (Fed. Cl. Spec. Mstr. Aug. 28, 2020); Brock v. Sec'y of Health & Hum. Servs., No. 18-399V, 2020 WL 1815766 (Fed. Cl. Spec. Mstr. Mar. 10, 2020).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. See Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

The attorneys' and paralegals' entries generally describe the activities with sufficient detail that the reasonableness of the work may be assessed. Due to the

---

[3] The 2015–2016, 2017, 2018, 2019, 2020, 2021 and 2022 Fee Schedules can be accessed at: https://www.uscfc.uscourts.gov/node/2914. The hourly rates contained within the schedules are updated from the decision in McCulloch, 2015 WL 5634323.

descriptions in the timesheets and the overall reasonableness of the activities, only a few adjustments are required.

First, attorney hours were billed for reviewing and organizing medical records. These tasks should have been billed at paralegal rates. When an attorney does the work of a paralegal or administrative assistant, he or she should be paid a rate commensurate with the nature of the work. See Valdes v. Sec'y of Health & Hum. Servs., 89 Fed. Cl. 415, 425 (2009) (noting that "the Special Master exercised appropriate discretion in denying requested costs for work performed by Petitioner's counsel's associate" when the special master determined "that the associate's time spent obtaining medical records was more consistent with paralegal duties.").

Second and similarly, paralegals charged for performing clerical tasks such as filing or organizing medical records. These activities should not be charged at all. Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); Bennett v. Dep't of Navy, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983); Guy v. Sec'y of Health & Hum. Servs., 38 Fed. Cl. 403, 407-08 (1997).

Third, and most significantly, Mr. Kalinowski spent more than 45 hours researching, reviewing, and annotating medical literature and he billed at his usual hourly rate. Collectively, the amount billed was approximately $18,000.

According to Gruber v. Sec'y of Health & Hum. Servs., 91 Fed. Cl. 773, 792-96 (2010), attorneys may contribute to an expert's preparation of a report. An attorney's assistance is appropriate when "a reasonable attorney would perform such work in similar circumstances." Id. at 792. However, "it is the expert that is in the best position to identify the relevant literature." Hocraffer v. Sec'y of Health & Hum. Servs., No. 99-533V, 2011 WL 3705153, at *26 (Fed. Cl. Spec. Mstr. July 25, 2011) (finding counsel's activities were excessive and reducing the amount requested in fees), mot. for rev. denied, 2011 WL 6292218 (Fed. Cl. Nov. 22, 2011).

Here, petitioner has not justified the amount of time requested at Mr. Kalinowski's hourly rate. Preliminarily, attorneys at most law firms that commonly represent petitioners in the Vaccine Program do not search for medical literature to support opinions from experts to the degree that attorneys from Maglio, Christopher & Toale do. See Saxton v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (allowing special masters to rely upon their experience in adjudicating fee applications). The unusualness of requesting a

significant amount of compensation for searching for articles does not make the request unreasonable <u>per se</u>, but the unusualness suggests that some explanation would be appropriate.

However, petitioner has not justified Mr. Kalinowski's extensive search for medical literature.  The lack of explanation appears to have developed in two respects.  First, petitioner did not discuss the circumstances that led to an attorney's research on medical topics in his initial fee application.  Applications should be complete when submitted.  <u>Duncan v. Sec'y of Health & Hum. Servs.</u>, No. 99-455V, 2008 WL 4743493 (Fed. Cl. 2008) (denying mot. for review).

In years past, the Secretary might have objected.  Currently, the Secretary's failure to object to amounts requested cannot be construed as a waiver of any argument that the amount requested is unreasonable.  <u>McIntosh v. Sec'y of Health & Hum. Servs.</u>, 139 Fed. Cl. 238 (2018).

A second issue is that requesting additional information now would be unlikely to produce meaningful information.  Mr. Kalinowski is no longer counsel of record, and the current counsel of record would seem not to have any direct knowledge of Mr. Kalinowski's work.  Mr. Kalinowski submitted an affidavit without describing reasons for searching for literature.  <u>See</u> Fee Exhibit 66.  Any supplemental affidavit now would be created years later.

Thus, petitioner has not met his burden of showing that all the fees charged by Mr. Kalinowski for researching medical literature are reasonable.  Mr. Kalinowski is not a medical doctor and Dr. Zizic did not develop any of Mr. Kalinowski's research into a report supporting causation.  Accordingly, a reduction of attorneys' fees for this task is appropriate.

Finally, the attorney charged for several hours that involved reviewing and revising the fees invoice.  Extensive time revising a fee invoice can be prevented if the attorneys create accurate time entries initially.  <u>Savin v. Sec'y of Health & Hum. Servs.</u>, No. 99-537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008) (special master reducing attorney hours preparing an "uncomplicated" fee petition from six to four hours), <u>mot. for rev. denied</u>, 85 Fed. Cl. 313 (2008).

To accomplish rough justice, the undersigned reduces the requested attorneys' fees by $7,500.  For these reasons, Mr. Godek is awarded $62,088.90 in attorneys' fees.

## II.    Costs

In addition to seeking an award for attorneys' fees, Mr. Godek seeks compensation for costs expended, totaling $6,239.54.  The costs for routine items, such as medical records and the filing fee are reasonable.  Mr. Godek is awarded these costs ($1,639.54) in full.

The balance ($4,600) is for the work of Dr. Zizic.  His invoice presents a reasonable hourly rate ($400 per hour).  <u>Sicard v. Sec'y of Health & Hum. Servs.</u>, No. 16-332V, 2019 WL 6462385 (Fed. Cl. Spec. Mstr. Nov. 4, 2019).  Dr. Zizic has requested compensation for 11.5 hours of work.  Of the various tasks, the two that took the most amount of time are reading a medical chronology and records (3.15 hours) and researching at Johns Hopkins Medical Library (2.9 hours).  Dr. Zizic also indicates that he spent 0.45 hours reading a particular article by Ray. Dr. Zizic does not bill for any time spent reading any other articles, including articles sent to him by Attorney Kalinowski.  Nonetheless, overall, Dr. Zizic spent a reasonable amount of time working on this case.

For these reasons, Mr. Godek is awarded the amount requested in attorneys' costs, $6,239.54.

\*      \*      \*

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $68,328.44 ($62,088.90 in fees and $6,239.54 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards $68,328.44 in attorneys' fees and costs.  This shall be paid as follows:

**A lump sum of $68,328.44 in the form of a check made payable to petitioner and petitioner's attorney, Isaiah Kalinowski, of Maglio Christopher & Toale, P.A., for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[4]

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master